UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE WHETSTONE,

        Plaintiff,

                             CASE NO. 14-CV-11547
v.                          HONORABLE MARK A. GOLDSMITH

J. A. TERRIS, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

Plaintiff Maurice Whetstone, a federal prisoner currently under the supervision of the Federal Correctional Institution in Milan, Michigan, has filed a pro se civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that he was denied proper medical care for a broken left leg and ankle and was prescribed medications which damaged his kidneys in 2013. Compl. (Dkt. 1). He names Milan Warden J. A. Terris, Milan Physician's Assistant Mario Bayoneto, Milan Dr. William Malatinsky, the United States of America, and Federal Bureau of Prisons Director Charles Samuel as Defendants. Id. at cm/ecf Pg ID 1, 5. He seeks a declaration that his constitutional rights under the Eighth Amendment were violated, as well as monetary damages. Id. at cm/ecf Pg ID 4. Plaintiff has paid the filing fee for this civil rights action.

### II. ANALYSIS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321, 1321–66 to –77 (1996) (codified, as amended, in scattered sections of

11, 18, 28, and 42 U.S.C.), the Court is required to sua sponte dismiss a complaint seeking relief from government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31-32 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. Id. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

"A Bivens action is an action for damages arising out of a violation of one's federal constitutional rights by another acting under color of federal law." Parry v. Mohawk Motors, 236 F.3d 299, 306 n.1 (6th Cir. 2000). Bivens actions are "analogous" to civil rights actions under 42 U.S.C. § 1983 brought against state actors and use the same standards. Hill v. Lappin,

2

630 F.3d 468, 471 (6th Cir. 2010). To state a civil rights claim under Bivens, a plaintiff must show "that the individual defendant acted under color of federal authority and was personally involved in the deprivation of the plaintiff's constitutional rights." Mueller v. Gallina, 137 F. App'x 847, 850 (6th Cir. 2005) (quotation marks omitted). Additionally, a plaintiff must allege that the deprivation of his rights was intentional, not merely negligent. Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("[T]he protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."); Daniels v. Williams, 474 U.S. 327, 333-336 (1986).

Plaintiff alleges that Defendants denied him proper medical care in violation of his Eighth Amendment rights. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The deliberate indifference standard requires an inmate plaintiff to show that prison official defendants acted with a reckless disregard of a known risk of serious harm to the prisoner. Farmer v. Brennan, 511 U.S. 825, 836 (1994). A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care that offends evolving standards of decency. Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 843 (6th Cir. 2002).

Plaintiff makes no such showing. He admits, and the documents attached to his complaint reflect, that he received medical attention for his physical ailments, including physical examinations, pain medication, a cane, a series of X-rays, emergency treatment and hospital care, a cast and/or a boot, a wheelchair, and consultation with an orthopedic specialist. See Compl. cm/ecf Pg ID 5-7, 14-38. He fails to allege facts showing that Defendants acted with deliberate indifference or intentionally acted to cause him injury or pain with respect to his medical

3

treatment.  Conclusory allegations are insufficient to state a civil rights claim.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557; Lanier v. Bryant, 332 F.3d 999, 1007 (6th Cir. 2003).  While Plaintiff may disagree with the course of treatment provided and certain treatments may not have been fully effective or may have caused unwanted side effects, he has not shown that Defendants acted unconstitutionally.  Terrance, 286 F.3d at 843

Furthermore, it is well-settled that claims of negligence concerning a prisoner's medical treatment, i.e. medical malpractice, are not cognizable in a civil rights action.  See Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  An injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest and a claim that prison officials were negligent does not state a civil rights claim.  See Collins v. City of Harker Heights, 503 U.S. 115, 127-128 (1992); Lewellen v. Metro. Gov't, 34 F.3d 345, 348 (6th Cir. 1994).  Plaintiff fails to state a claim upon which relief may be granted.

Additionally, Plaintiff fails to state a claim upon which relief may be granted as to Defendants Warden Terris, the United States of America, and Director Samuel because he fails to allege facts to demonstrate their personal involvement in any improper medical care.  It is well-settled that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-692 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009) (same).  Plaintiff has not done so.

Any assertion by Plaintiff that the foregoing Defendants failed to supervise an employee, should be vicariously liable for another employee's conduct, erred in denying his grievances, and/or did not sufficiently respond to the situation are insufficient to state a civil rights claim. See, e.g., Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); see also Martin v. Harvey, 14 F. App'x 307, 309 (6th Cir. 2001) (affirming dismissal of prison official who merely processed grievance and had no personal involvement with the plaintiff-prisoner's medical care). Moreover, Plaintiff has not alleged facts to show that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. See Ellis v. Cleveland Mun. Sch. Dist., 455 F.3d 690, 700 (6th Cir. 2006) (stating that a failure to train or supervise claim requires "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury"). Consequently, Plaintiff fails to state a claim upon which relief may be granted as to Defendants Terris, the United States of America, and Samuel for this additional reason.

## III. CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his complaint. Accordingly, pursuant to 28 U.S.C. § 1915A(b), the Court dismisses with prejudice the civil rights complaint. This case is closed.

SO ORDERED.


Dated: May 12, 2014　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Flint, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 12, 2014.

                                        s/Deborah J. Goltz
                                        DEBORAH J. GOLTZ
                                        Case Manager